IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY T. ANDERSON and SUZANNE ANDERSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CALIBER HOME LOANS, INC., | ) ) |
| Defendant. | ) |

### COMPLAINT

### INTRODUCTION

1. Plaintiffs bring this action to secure redress from unlawful mortgage servicing practices engaged in by Defendant. Plaintiffs allege violation of the Cranston-Gonzales amendments to the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq. ("RESPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 12 U.S.C. §2605.

3. Venue in this District is proper because Defendant does or transacts business in this District.

### PARTIES

4. Plaintiffs Jeffrey Anderson and Suzanne Anderson are husband and wife and reside in a home which they own in Richmond, Illinois.

5. Defendant Caliber Home Loans, Inc., is a corporation chartered under Delaware law with its principal place of business at 1525 S. Belt Line Rd., Coppell, TX 75019-4913. Its

registered agent and office is C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

6. Defendant Caliber Home Loans is in the business of servicing residential mortgage loans and services in excess of $1 million in residential mortgage loans.

## FACTS

7. Caliber Home Loans services the mortgage loan which Mr. and Mrs. Anderson obtained to purchase their home.

8. The loan has an escrow account for payment of taxes and hazard insurance.

9. Plaintiffs have a dispute with Caliber Home Loans, Inc., regarding excessive escrow deposit requirements.

10. Plaintiffs believe that Caliber Home Loans, Inc., charged Plaintiffs, and required them to deposit into their escrow account, premiums for one or more hazard insurance policies which Plaintiffs cancelled and replaced.

11. In order to determine the facts relating to the matter, on or about August 20, 2020, Plaintiffs, by counsel, sent a qualified written request/notice of error to Caliber (Appendix A) asking for:

    a. An account history;

    b. All escrow analyses;

    c. The invoices and remittances for each homeowners' or hazard insurance policy paid from the escrow account associated with the loan;

    d. If any such insurance policy was cancelled for nonpayment, the reasons for not paying it from the escrow account; and

  e. All notices Caliber has relating to homeowners' or hazard insurance policies, such as notices of cancellation, notices of reinstatement and notices of premium increases.

12. On September 10, 2020, Caliber responded (Appendix B) with the account history and escrow analyses and some insurance information. Caliber claimed that it had not received any notice of cancellation of insurance by the Plaintiffs, and refused to provide information about disbursements and invoices for insurance on the ground that it was "proprietary."

13. On information and belief, Caliber's response represents its standard policy, and it has regularly refused to provide evidence of disbursements and invoices for items charged against borrowers' accounts.

14. On or about September 17, 2020, Plaintiffs, by counsel, sent another qualified written request to Caliber (Appendix C) again asking for the invoices and remittances for each homeowners' or hazard insurance policy paid from the escrow account. The letter pointed out that the escrow analysis documents Caliber furnished show payment of two installments of county taxes, a monthly FHA insurance premium, and escrow disbursements, apparently for hazard insurance, for $1,977.33, $2,882.00, $1,965, and $1,740, all within 14 months, but only three insurance bills, for $1,977.33, $2,543, and $1,740. Plaintiffs requested an explanation of the discrepancy and to see what was disbursed, as well as the invoices from the insurance companies.

15. This request was not responded to as of November 16, 2020.

16. By letter of September 21, 2020 (Appendix D), Plaintiffs, by counsel, requested all account notes relating to the Plaintiffs' account, which would indicate what conversations

Caliber had with Plaintiffs and what was discussed.

17. By letter of October 6, 2020 (Appendix E), Caliber responded that servicing notes were "proprietary" and would not be provided.

18. On information and belief, Caliber's response represents its standard policy, and it has regularly refused to provide account notes.

19. The Consumer Financial Protection Bureau has issued the following regulation – it is called an "interpretation" but was issued pursuant to notice and comment rulemaking – regarding the withholding of information as "proprietary" in response to qualified written requests:

> Supplement I to Part 1024 [of 12 C.F.R.] — Official Bureau Interpretations
>
> Paragraph 36(f)(1)(ii).
>
> 1. Confidential, proprietary or privileged information. A request for confidential, proprietary or privileged information of a servicer is not an information request for which the servicer is required to comply with the requirements of §1024.36(c) and (d). Confidential, proprietary or privileged information may include information requests relating to, for example:
>
>> i. Information regarding management or profitability of a servicer, including information provided to investors in the servicer.
>>
>> ii. Compensation, bonuses, or personnel actions relating to servicer personnel, including personnel responsible for servicing a borrower's mortgage loan account;
>>
>> iii. Records of examination reports, compliance audits, borrower complaints, and internal investigations or external investigations; or
>>
>> iv. Information protected by the attorney-client privilege.

20. Neither account notes pertaining to the handling of a consumer's account nor records of disbursements charged against the consumer are within the categories specified or even remotely similar to anything that the CFPB allows to be withheld.

## COUNT I – CRANSTON-GONZALES ACT

21. Plaintiffs incorporate paragraphs 1-20.

22. The correspondence in Appendix A, Appendix C and Appendix D are each a "qualified written request" as defined in the Cranston-Gonzales amendment to RESPA, 12 U.S.C. §2605(e).

23. Invoices and remittances for insurance policies paid from an escrow account are not properly withheld as "proprietary."

24. Account notes are not properly withheld as "proprietary."

25. Defendant failed to respond to Appendix D. Defendant also failed to provide an actual answer and/or to correct the problem complained of in all three requests.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a. Statutory damages;

    b. Actual damages, including amounts paid for cancelled insurance policies;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems proper.

                                              */s/ Daniel A. Edelman*
                                              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Kasun Wijegunawardana
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200 | (312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)